**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Norman Tierney and Louann Tierney, | No. CV-10-0962-PHX-DGC |
| Plaintiffs, | **ORDER** |
| vs. | |
| First Magnus Financial Corporation, et al., | |
| Defendants. | |

Plaintiffs brought the pending action against Defendants First Magnus Financial Corporation, Aurora Bank FSB, and Mortgage Electronic Registration Systems Incorporated in Maricopa County Superior Court. On May 3, 2010, Defendant Aurora removed this case on the ground that Plaintiffs' complaint raises federal questions and that federal jurisdiction is proper pursuant to 28 U.S.C. § 1441. Dkt. #1. Aurora did not file the record from the state court with this Court as required by Local Rule of Civil Procedure 3.7(b), which mandates that the removing party "file copies of all pleadings and other documents that were previously filed with the state court[.]" Under Rule 3.7(b), "[u]nless the removing party files a motion requesting an extension of time for good cause, the state court record must be filed when the notice of removal is filed." Aurora did not request any extension of time.

Plaintiffs, on May 7, 2010, filed a motion for remand and a request for attorneys' fees pursuant to 28 U.S.C. § 1447(c). Plaintiffs contend that Aurora's notice of removal was filed more than 30 days after Aurora received the initial pleading in violation of 28 U.S.C. § 1446(b). Dkt. #7. In support of their motion for remand, Plaintiffs attached a

copy of the return of service to Aurora, which is dated March 30, 2010. Dkt. #7-1 at 2. Plaintiffs argue that, based on this date of service, Aurora could not file its notice of removal after May 1, 2010, and that by waiting until May 3, 2010, Aurora's notice of removal was untimely. Dkt. #7.

Plaintiffs further argue that Aurora's notice of removal is contrary to law, as their complaint does not state a federal question. Because Aurora failed to file the state court record, however, the Court cannot examine Plaintiffs' complaint to determine whether it states a federal claim.

Aurora has failed to respond to Plaintiffs' motion to remand or to Plaintiffs' request for attorneys' fees as required by Local Rule 7.2(c), which states that the opposing party shall "have fourteen (14) days" to "file a responsive memorandum" to any motion. Under Local Rule 7.2(i), if a responsive memorandum is not timely filed, "such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily."

The Court will deem Aurora's failure to respond as consent to the granting of Plaintiffs' motion pursuant to Local Rule 7.2(i). The Court will remand this case to state court. The Court will further grant Plaintiffs' request for reasonable attorneys' fees incurred as a result of Aurora's removal pursuant to 28 U.S.C. § 1447(c). Plaintiffs shall have until **July 16, 2010** to file memorandum in support of their request for attorneys' fees pursuant to Local Rule 54.2. Aurora shall have until **July 30, 2010** to file a response to the memorandum.

**IT IS ORDERED:**

1. Plaintiffs' motion to remand (Dkt. #7) is **granted**.
2. The Clerk of Court shall remand this action.

DATED this 22nd day of June, 2010.

*David G. Campbell*
———————————————
David G. Campbell
United States District Judge

- 2 -